Daniel L. Reback (SBN 239884)
 Email: dreback@kranesmith.com
Jeremy Smith (SBN 242430)
 Email: jsmith@kranesmith.com
Benjamin J. Smith (SBN 266712)
 Email: bsmith@kranesmith.com
**KRANE & SMITH, APC**
16255 Ventura Boulevard, Suite 600
Encino, CA 91436
Tel: (818) 382-4000
Fax: (818) 382-4001

Attorneys for Plaintiff,
CHRISTOPHER GORDON

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER GORDON, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>WOOT, INC., a corporation; and DOES 1 to 10, inclusive,<br><br>   Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1. **TRADEMARK INFRINGEMENT** [15 U.S.C. §1114 *et seq.*];<br>2. **TRADEMARK INFRINGEMENT** [California law];<br>3. **TRADEMARK DILUTION** [15 U.S.C. §1125(c)];<br>4. **FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN** [15 U.S.C. §1125(a)];<br>5. **UNFAIR COMPETITION** [California law]**; and**<br>6. **COPYRIGHT INFRINGEMENT** [17 U.S.C. §501]<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

C:\Users\assistant2\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\M4BL24G\COMPLAINT.wpd

1

1    Plaintiff CHRISTOPHER GORDON ("Plaintiff") alleges as follows:

2    **INTRODUCTION**

3        Plaintiff is a comedic narrator who, on January 18, 2011, published a video

4    on YouTube that consisted of his original narration humorously describing the

5    traits of a honey badger.  The video went "viral" and has generated more than _72_

6    _million_ views on YouTube.  In the video, Plaintiff's original expression and joke is

7    "HONEY BADGER DON'T CARE," among others.  Plaintiff's original expression

8    has gained a tremendous amount of notoriety, and his expression has been referred

9    to in commercials, television shows, magazines, and throughout the internet, and

10   by numerous celebrities.  Plaintiff copyrighted his narration, and also trademarked

11   "HONEY BADGER DON'T CARE" under four separate registration numbers for

12   various classes of goods, including t-shirts.  Plaintiff has produced, advertised, and

13   sold t-shirts bearing his expression and mark of "HONEY BADGER DON'T

14   CARE" since soon after the video was published, and he continues to sell t-shirts

15   bearing his expression and mark today.

16       Defendant WOOT, INC. ("Defendant") is a t-shirt company that produced

17   and sold t-shirts bearing expressions substantially and confusingly similar to

18   Plaintiff's expression and trademark, "HONEY BADGER DON'T CARE."  In

19   addition, Defendant unlawfully advertised its infringing products by affiliating

20   them with Plaintiff's video.  Defendant promoted its infringing goods by explicitly

21   referencing Plaintiff's video, which had received over 40 million views at the time

22   according to Defendant's own advertisement.  Defendant's advertisements further

23   played-off Plaintiff's video and trademark by stating, "what do you want to do for

24   supper tonight, bee larva or cobra heads?  And don't say you don't care."

25   Defendant's blatant nefarious activities, including its unauthorized sales of t-

26   shirts, constitute, _inter alia_, willful trademark and copyright infringement.

27

28

## JURISDICTION AND VENUE

1.  This is a civil action arising under the Trademark and Copyright Laws of the United States, 15 U.S.C. §§1051, *et seq*., and 17 U.S.C. §§101 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338.

2.  This Court has supplemental jurisdiction over the claims in this Complaint that arise under California law pursuant to 28 U.S.C. §1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b) and 1400(a).  The infringing products which are the subject of this litigation have been distributed and offered for distribution in the Central District of California, and Defendant  transacts business in the Central District of California.  Defendant has extensive contacts with, and conduct business within, this District; has placed products into the stream of commerce in this District; and has caused tortious injury to Plaintiff in this District.

## PARTIES

4.  Plaintiff is an individual residing in Los Angeles, California.

5.  Plaintiff is informed and believes, and thereon alleges, that Defendant WOOT, INC. is a corporation formed in Texas that is subject to the jurisdiction of this Court.  Defendant produces and sells merchandise, with an emphasis on t-shirts, and conducts its business on the internet at www.shirt.woot.com.

6.  Plaintiff is informed and believes, and thereon alleges, that Defendant authorized, directed, participated in, contributed to, ratified, and/or accepted the benefits of the wrongful acts as alleged herein.

7.  The true names and capacities, whether individual, corporate, associate or otherwise of defendants DOES 1 through 10, inclusive, are unknown

COMPLAINT AND DEMAND FOR JURY TRIAL

1   to Plaintiff who therefore sues said defendants by such fictitious names.  Plaintiff

2   is informed and believes and based thereon alleges that each of the fictitiously

3   named defendants is responsible in some manner for the events, acts, occurrences

4   and liabilities alleged and referred to herein.  Plaintiff will seek leave to amend

5   this Complaint to allege the true names and capacities of these DOE defendants

6   when the same are ascertained.

7                              **SUBSTANTIVE ALLEGATIONS**

8                **Plaintiff and His Video, Copyright, and Trademark**

9         8.      Plaintiff is a comedian, narrator, writer, and actor, and is commonly

10  known by his alias, "Randall."

11        9.      On January 18, 2011, Plaintiff published a video (the "Video") on

12  YouTube that consisted of his original narration humorously describing the traits

13  of a honey badger.[1]  The Video, titled *The Crazy Nastyass Honey Badger (original*

14  *narration by Randall)*, became an instant hit.  The Video went "viral" and is one

15  of the most popular videos ever uploaded onto YouTube.  To date, the Video has

16  generated more than *72 million* views on YouTube.  The Video and subsequent

17  phenomenon have been covered by internet blogs such as the *Huffington Post*

18  (which proclaimed "Honey Badger Don't Care [as] the best nature video of all

19  time") as well as by entertainment news sites like *TMZ*.

20        10.     In the Video, Plaintiff's original expression and joke is that the

21  HONEY BADGER DON'T CARE.  Plaintiff's original expression (and others

22  contained in the Video) have gained a tremendous amount of notoriety, and his

23  expressions have been referred to in commercials, television shows, magazines,

24  and throughout the internet.

25

26  ─────────────────────

27        [1]The Video can be viewed at https://www.youtube.com/watch?v=4r7wHMg5Yjg or by searching
on YouTube.com for *The Crazy Nastyass Honey Badger (original narration by Randall)*.

28  C:\Users\assistant2\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\H1B4J6R3\COMPLAINT.wpd   4

─────────────────────────────────────────────

11. Plaintiff copyrighted his narration in the Video. The copyright registration number is PA 1-750-515, the effective date of registration is June 15, 2011, and the title is HONEY BADGER DON'T CARE. Attached hereto as Exhibit A is a true and correct copy of the certificate of Copyright Registration.

12. Plaintiff is also the owner of the trademark HONEY BADGER DON'T CARE (the "Mark"). Plaintiff registered the Mark with the United States Patent and Trademark Office for various classes of goods under the following Registration Numbers: 4,505,781; 4,419,079; 4,419,081; and 4,281,472. Registration Number 4,505,781 specifically relates to the class of goods for clothing, including t-shirts. Attached hereto as Exhibit B are true and correct copies of the Trademark Registrations.

13. After the Video was published, Plaintiff produced and sold goods, including t-shirts, that displayed his Mark. Plaintiff continues to sell t-shirts under the trademark HONEY BADGER DON'T CARE.

14. Plaintiff primarily advertised the t-shirts bearing his Mark on the internet. Sales of Plaintiff's t-shirts bearing his Mark have been substantial, with a majority of the sales occurring via the internet.

15. The Mark is instantly recognizable as being associated with Plaintiff (i.e. Randall). The Mark appeared in Plaintiff's Video, and has since been displayed on numerous advertisements and goods that Plaintiff promotes. Plaintiff even authored a book titled *Honey Badger Don't Care: Randall's Guide to Crazy Nastyass Animals,* and launched a mobile "app" titled *The Honey Badger Don't Care.*

16. Plaintiff has expended a significant amount of time and effort in making his Mark well-known to the public. Plaintiff has promoted his Mark by, *inter alia*, advertising it in connection with his products, making guest

1  appearances in media outlets, and publicizing the Mark through social media
2  platforms.

3        17.    As a result of the foregoing, including, but not limited to, the
4  extensive advertisements, promotions, sales, and enormous popularity of the
5  Mark, the public has come to exclusively identify the Mark with Plaintiff.  Among
6  other things, Plaintiff, his expression, joke and/or his Mark have appeared or been
7  alluded to in a Wonderful Pistachios commercial during *Dancing with the Stars*, in
8  an episode of the popular television show *America's Got Talent*, in an episode of
9  the hit television series *Glee* by the show's famous cheerleading coach Sue
10 Sylvester (Jane Lynch), in a *Vogue* profile of celebrity recording artist Taylor
11 Swift, and on the *Howard Stern* radio show (Baba Booey).  Plaintiff's expression,
12 joke, and Mark are famous and distinctive under applicable law, including within
13 the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127.

## DEFENDANT'S UNLAWFUL ACTIVITIES AND WILLFUL INFRINGEMENT

16       18.    Defendant is a competitor of Plaintiff, as it also produces and sells t-
17 shirts on the internet.

18       19.    Defendant produced and sold t-shirts that were substantially and
19 confusingly similar to Plaintiff's Mark and expressions.  Defendant produced and
20 sold these goods throughout the United States, including California, via the
21 internet at www.shirt.woot.com.

22       20.    Defendant's product descriptions and advertisements for its
23 infringing merchandise reveals a campaign of willful infringement.  For instance,
24 Defendant unlawfully advertised its infringing products by affiliating them with
25 Plaintiff's Video, which had received over 40 million views at the time according
26 to Defendant's own advertisement.  Defendant's advertisements further played-off
27
28     6

1   Plaintiff's Video and trademark by stating, "what do you want to do for supper
2   tonight, bee larva or cobra heads?  And don't say you don't care."  In fact, the
3   derivation of those expressions originate from Plaintiff's extremely popular Video,
4   and were used and copied by Defendant just to increase its unlawful sales.

5       21.    Defendant's manipulative and unfair advertising of the infringing
6   merchandise enabled it to reap financial success, as Defendant produced and sold
7   infringing merchandise in various sizes and colors, and generated substantial
8   revenue in the process.

9       22.    Defendant's strategic advertisement was designed to capitalize on
10  Plaintiff's Mark, trample upon his intellectual property rights, and cause customer
11  confusion.

12      23.    On July 31, 2014, Plaintiff's counsel demanded that Defendant stop
13  selling the infringing merchandise and disclose the amount of sales for all
14  infringing products.  Defendant agreed to stop selling the infringing merchandise,
15  only after generating substantial sales from the infringing merchandise, and only
16  after sales of the infringing merchandise began declining.

17      24.    Defendant's intentional and deceitful acts of unfair competition and
18  use of the Mark and/or derivations thereof have caused confusion, and are likely to
19  do so in the future, and have caused mistake and deception as to the affiliation or
20  association of the Defendant with Plaintiff, and as to the origin, sponsorship, or
21  approval of the Defendant's goods by Plaintiff.  In fact, one of Defendant's
22  customers remarked: "Think I'm going to buy one [t-shirt] for my 5 yr old son.  He
23  hasn't seen the video it connects with, but he likes badgers, cobras, etc."  Plaintiff
24  has neither authorized nor consented to the use by Defendant of the Mark or any
25  colorable imitation of it, or any mark confusingly similar to it.

26

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL

25.    Plaintiff is informed and believes, and thereon alleges, that Defendant's purpose in utilizing the Mark and derivations thereof is an attempt to benefit unfairly from the valuable goodwill and extreme popularity of the Mark, which was established at great expense and effort by Plaintiff.

## FIRST CLAIM

**(Trademark Infringement under 15 U.S.C. §1114 *et seq*. Against All Defendants)**

26.    Plaintiff repeats, repleads and realleges the allegations contained in Paragraphs 1 through 25, as though fully set forth herein.

27.    The aforesaid acts of Defendant constitute infringement of the Mark under 15 U.S.C. §1114 *et seq*.

28.    As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to his trademark, reputation, and goodwill.  Defendant will continue to use derivations of the Mark and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant and its officers, agents, employees, and all persons acting in concert with them, from engaging in further acts of infringement.

29.    Plaintiff is further entitled to recover from Defendant the actual damages that he sustained and/or is likely to sustain as a result of Defendant's wrongful acts.  Plaintiff is presently unable to ascertain  the full extent of the monetary damages that he has sustained and/or is likely to sustain by reason of Defendant's acts of trademark infringement.

30.    Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts.  Plaintiff is presently unable to ascertain the extent of the gains, profits, and

1 advantages that Defendant has realized by reason of its acts of trademark

2 infringement.

3      31.    Because of the willful nature of the wrongful acts of Defendant,

4 Plaintiff is entitled to all remedies available under 15 U.S.C. §§1117 and 1118,

5 including, but not limited to, an award of treble damages and increased profits

6 pursuant to 15 U.S.C. §1117.

7      32.    Plaintiff also is entitled to recover his attorney's fees and costs of suit

8 pursuant to 15 U.S.C. §1117.

9 **SECOND CLAIM**

10 **(Trademark Infringement under California Business and Professions Code**

11 **section 14245 *et seq*. and California Common Law Against All Defendants)**

12      33.    Plaintiff repeats, repleads and realleges the allegations contained in

13 Paragraphs 1 through 32, as though fully set forth herein.

14      34.    Defendant's use of the Mark without Plaintiff's consent constitutes

15 trademark infringement and unfair competition in violation of California common

16 law in that, among other things, such use is likely to cause confusion, deception,

17 and mistake among the consuming public as to the source, approval or sponsorship

18 of the goods offered by Defendant.

19      35.    The acts and conduct of Defendant complained of herein constitute

20 trademark infringement and unfair competition in violation of the statutory law of

21 California, including California Business and Professions Code section 14245 *et*

22 *seq*., in that, among other things, Defendant's acts and conduct are  likely to cause

23 confusion, deception, and mistake among the consuming public as to the source,

24 approval or sponsorship of the goods offered by Defendant.  Defendant's acts are

25 designed to trade upon Plaintiff's reputation and goodwill by causing confusion

26 and mistake among consumers and the public.  Plaintiff is entitled to preliminary

27

28 C:\Users\assistant2\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\xxxxxxxx\COMPLAINT.wpd

9

COMPLAINT AND DEMAND FOR JURY TRIAL

1  and permanent injunctions restraining and enjoining Defendant and its officers,

2  agents, affiliates, vendors, partners and employees, and all persons acting in

3  concert with Defendant, from using in commerce Plaintiff's federally registered

4  Mark and his common law rights in the Mark.

5        36.    As a direct and proximate result of Defendant's willful and

6  intentional actions, Plaintiff has suffered damages in an amount to be determined

7  at trial.  Plaintiff is entitled to all remedies provided by California Business and

8  Professions Code section 14247 *et seq.*, including injunctive relief and recovery of

9  three times Defendant's profits and damages suffered by reason of their wrongful

10 conduct.  Because of the willful nature of Defendant's wrongful acts, Plaintiff is

11 entitled to an award of punitive damages.

12                              **THIRD CLAIM**

13      **(Trademark Dilution under 15 U.S.C. §1125(c) Against All Defendants)**

14       37.    Plaintiff repeats and realleges each and every allegation of paragraphs

15 1 through 36, above, as though fully set forth herein.

16       38.    Plaintiff has used his Mark to identify his products before Defendant

17 began using confusing derivations of the Mark without his permission.

18       39.    The Mark is inherently distinctive and has acquired distinction

19 through Plaintiff's extensive, continuous, and exclusive use of the Mark.  The

20 Mark is famous and distinctive within the meaning of 15 U.S.C. §§1125(c)(1) and

21 1127.

22       40.    Defendant's use of the Mark is likely to dilute the distinctive quality

23 of the Mark in violation of 15 U.S.C. §1125(c).

24       41.    As a direct and proximate result of Defendant's wrongful acts,

25 Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to

26 his trademarks, reputation, and goodwill.  Defendant will continue to use the Mark

27

28   C:\Users\assistant2\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\WAURJZG4\COMPLAINT.wpd

COMPLAINT AND DEMAND FOR JURY TRIAL

1   and/or derivations thereof and will cause irreparable damage to Plaintiff. Plaintiff

2   has no adequate remedy at law and is entitled to an injunction restraining

3   Defendant, its officers, agents, and employees, and all persons acting in concert

4   with them, from engaging in further acts of trademark dilution.

5      42.   Plaintiff is entitled to recover from Defendant the actual damages that

6   he sustained and/or is likely to sustain as a result of Defendant's wrongful acts.

7   Plaintiff is presently unable to ascertain the full extent of the monetary damages

8   that he has sustained and/or is likely to sustain by reason of Defendant's acts of

9   trademark dilution.

10     43.   Plaintiff is further entitled to recover from Defendant the gains,

11  profits, and advantages that Defendant has obtained as a result of its wrongful

12  acts. Plaintiff is presently unable to ascertain the extent of the gains, profits, and

13  advantages that Defendant has realized by reason of its acts of trademark dilution.

14     44.   Because of the willful nature of the wrongful acts of Defendant,

15  Plaintiff is entitled to all remedies available under 15 U.S.C. §§1117 and 1118,

16  including an award of treble damages and increased profits pursuant to 15 U.S.C.

17  §1117.

18     45.   Plaintiff also is entitled to recover his attorney's fees and costs of suit

19  pursuant to 15 U.S.C. §1117.

20                          **FOURTH CLAIM**

21  **(Federal Unfair Competition and False Designation of Origin in Violation of**

22              **15 U.S.C. §1125(a) Against All Defendants)**

23     46.   Plaintiff repeats, repleads and realleges the allegations contained in

24  Paragraphs 1 through 45, as though fully set forth herein.

25     47.   Defendant's acts as alleged above constitute unfair competition and a

26  false designation of origin which have caused confusion, mistake, deception as to

27

28

1   the affiliation, connection or association of Defendant with Plaintiff and as to the

2   origin, sponsorship, or approval of Defendant's goods, services and/or activities

3   by Plaintiff and are likely to do so in the future, in violation of the Lanham Act, 15

4   U.S.C. §1125(a).

5        48.   As a direct and proximate result of Defendant's wrongful acts,

6   Plaintiff has suffered and continues to suffer and is likely to suffer damage to his

7   reputation, goodwill, and to the Mark.  Defendant will continue the activities

8   alleged herein and will cause irreparable damage to Plaintiff.  Plaintiff has no

9   adequate remedy at law and is entitled to an injunction restraining Defendant, its

10  officers, agents, affiliates, vendors, partners and employees, and all persons acting

11  in concert with Defendant, from engaging in further acts of unfair competition,

12  deceitful acts using the Mark, and false designation of origin and false affiliation

13  and association.

14       49.   Plaintiff is further entitled to recover from Defendant the actual

15  damages that he sustained and/or is likely to sustain as a result of Defendant's

16  wrongful and devious acts.  Plaintiff is presently unable to ascertain the full extent

17  of the monetary damages that he has suffered and/or is likely to sustain by reason

18  of  Defendant's acts of unfair competition and false designation of origin and false

19  affiliation and association.

20       50.   Plaintiff is further entitled to recover from Defendant the gains,

21  profits, and advantages it has obtained as a result of its wrongful and malicious

22  acts.  Plaintiff is presently unable to ascertain the extent of the gains, profits, and

23  advantages that Defendant has realized by reason of its acts of unfair competition

24  and false designation of origin and false affiliation and association.

25

26

27

28     C:\Users\assistant2\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\...\COMPLAINT.wpd   12

51.    Because of the willful nature of the wrongful acts of Defendant, Plaintiff is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. §1117.

52.    Plaintiff is also entitled to recover his attorney's fees and costs of suit pursuant to 15 U.S.C. §1117.

## FIFTH CLAIM

### (Unfair Competition Against All Defendants)

53.    Plaintiff repeats, repleads and realleges the allegations contained in Paragraphs 1 through 52, as though fully set forth herein.

54.    Defendant's acts constitute unfair competition under the statutory law of California, including California Business and Professions Code section 17200, *et seq*., and under the common law of the State of California.

55.    The acts and conduct of Defendant complained of herein have caused Plaintiff irreparable injury, and will, unless retrained, further impair the value of his Mark, intellectual property rights, reputation, and goodwill.  Plaintiff has no adequate remedy at law.

56.    Plaintiff is informed and believes that Defendant has unlawfully obtained profits through its acts of unfair competition.  Defendant should be forced to disgorge such unlawful profits to Plaintiff.

57.    Plaintiff is further entitled to recover from Defendant his actual damages sustained as a result of Defendant's wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages he has suffered by reason of Defendant's acts of unfair competition.

58.    Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of punitive damages.

## SIXTH CLAIM

### (Copyright Infringement Against All Defendants)

59.  Plaintiff repeats, repleads and realleges the allegations contained in Paragraphs 1 through 58, as though fully set forth herein.

60.  Plaintiff is informed and believes that Defendant had access to the Video, through, *inter alia*, YouTube.

61.  Defendant manufactured, produced, and sold merchandise, including t-shirts, that copy in a substantially similar manner jokes and expressions from Plaintiff's Video, including derivations of Plaintiff's joke and expression that the "Honey Badger Don't Care." Defendant's uses of Plaintiff's jokes and expressions are substantially similar to Plaintiff's use in the Video. Moreover, Defendant unlawfully advertised its infringing products by promoting them with expressions that originate from Plaintiff's Video.

62.  Defendant infringed Plaintiff's copyright by manufacturing, producing, advertising, and selling merchandise that prominently displayed derivations of Plaintiff's jokes and expressions that he used in his copyrighted Video. Defendant sold its infringing merchandise on the internet at www.shirt.woot.com. Defendant's conduct violated Plaintiff's exclusive right in his expressions and jokes contained in his Video.

63.  Plaintiff is informed and believes that Defendants, and each of them, knowingly induced, participated in, aided and abetted in, and profited from the illegal copying and/or subsequent sales of the infringing merchandise featuring Plaintiff's expressions and jokes from the Video.

64.  Plaintiff is informed and believes that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct

COMPLAINT AND DEMAND FOR JURY TRIAL

1   financial interest in the infringing conduct.  As such, Defendants, and each of

2   them, are liable for vicarious and/or contributory copyright infringement under 17

3   U.S.C. §101.

4       65.    Due to Defendant's acts of infringement, Plaintiff has suffered

5   substantial damage to his business in an amount to be established at trial.

6       66.    Due to Defendant's acts of infringement, Plaintiff has suffered

7   general and special damages in an amount to be established at trial.

8       67.    Due to Defendant's acts of copyright infringement, Defendant has

9   obtained direct and indirect profits it would not otherwise have realized but for its

10  infringement.  As such, Plaintiff is entitled to disgorgement of Defendant's profits

11  directly and indirectly attributable to Defendant's infringement of Plaintiff's jokes

12  and expressions used in his Video in an amount to be established at trial.

13      68.    Plaintiff is informed and believes that Defendant infringed Plaintiff's

14  copyright with knowledge that he owned the exclusive rights in his expressions

15  and jokes as contained in the Video and/or that Defendant was reckless in

16  committing the infringement alleged herein.  Defendant's acts of copyright

17  infringement were willful, intentional and malicious, subjecting Defendant to

18  liability for statutory damages under Section 504(c)(2) of the Copyright Act in the

19  sum of up to $150,000 per infringement and/or Defendant is precluded from

20  deducting certain overhead expenses when calculating profits for disgorgement.

21                    **PRAYER FOR RELIEF**

22      **WHEREFORE**, Plaintiff prays for judgment against Defendant, as follows:

23      1.    That Defendant has (i) infringed the Mark under 15 U.S.C. §1114 *et*

24  *seq.*; (ii) infringed the Mark under California law; (iii) violated 15 U.S.C.

25  §1125(c); (iv) violated 15 U.S.C. §1125(a); (v) engaged in unfair competition and

26  violated California Business and Professions Code section 17200 *et seq.*; and (vi)

27

28  C:\Users\assistant2\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\H1ZXI\COMPLAINT.wpd   15

COMPLAINT AND DEMAND FOR JURY TRIAL

1  infringed Plaintiff's rights in his federally registered copyright under 17 U.S.C.

2  §501.

3      2.    That each of the above acts were willful.

4      3.    That Plaintiff be awarded (i) all profits of Defendant, (ii) all of his

5  damages, (iii) statutory damages available under the law including 15 U.S.C.

6  §1117 and 17 U.S.C. §504, if elected, (iv) treble damages, (v) punitive damages,

7  (vi) disgorgement and restitution of all benefits received by Defendants arising

8  from their infringement as provided by law, and/or (vii) enhanced damages for

9  Defendant's willful infringement as provided in 15 U.S.C. §1117 and 17 U.S.C.

10  §504, the sum of which will be proven at the time of trial.

11      4.    That Defendant, its officers, agents, servants, affiliates, partners,

12  vendors, employees and attorneys, and those persons in active concert or

13  participation with them, be preliminarily and permanently enjoined from:

14          a.    Using Plaintiff's expression and mark "HONEY BADGER

15              DON'T CARE" or any colorable imitation thereof, or any other

16              expression or mark likely to cause confusion, mistake, or

17              deception, in connection with the sale, offering for sale,

18              distribution, manufacturing, advertising, or promotion of their

19              goods or services;

20          b.    Using any false designation of origin or false description that

21              can, or is likely to, lead the public to believe that any product

22              manufactured, distributed, sold, offered for sale, or advertised

23              by Defendant are in any manner associated or connected with

24              Plaintiff is sold, manufactured, licensed, sponsored, or

25              approved or authorized by Plaintiff;

26

27

28

1            c.     Engaging in any other activity constituting an infringement of

2                  Plaintiff's trademark and copyright rights or otherwise unfairly

3                  competing with Plaintiff; and

4            d.     Engaging in any other activity that dilutes the distinctive

5                  quality of the Mark by, among other things, using the Mark in

6                  connection with the sale, offering for sale, distribution,

7                  manufacturing, advertising, or promotion of its goods.

8      5.     That Defendant be directed to deliver up to Plaintiff all products

9 bearing the Mark, any copy, simulation, variation or colorable imitations of the

10 Mark, and any documents or tangible things that discuss, describe, mention or

11 relate to such products.

12      6.     That Defendant file with the Court and serve upon Plaintiff's counsel

13 within thirty (30) days after entry of judgment a report in writing under oath

14 setting forth in detail the manner and form in which Defendant has complied with

15 the requirements of the injunction.

16      7.     That Defendant be required to pay to Plaintiff all of his costs,

17 disbursements, and attorney's fees in this action.

18      8.     For prejudgment interest.

19      9.     For such other relief as the Court deems proper.

20 DATED: March 2, 2015           KRANE & SMITH, APC

21

22

23                         By: _____

                             DANIEL L. REBACK

24                        JEREMY SMITH

                       Attorneys for Plaintiff,

25                        CHRISTOPHER GORDON

26

27

28

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

Registration Number
PA 1-750-515

Effective date of registration:
June 15, 2011

---

## Title

Title of Work: Hooky Haiger Don't Care

## Completion/Publication

Year of Completion: 2011

Date of 1st Publication: January 18, 2011     Nation of 1st Publication: United States

## Author

■ Author: Christopher Zane Gordon

Author Created: text and narration as contained in the video soundtrack

Work made for hire: No

Citizen of: United States     Domiciled in: United States

## Copyright claimant

Copyright Claimant: Christopher Zane Gordon

23942 Rice Street, Newhall, CA, 91321, United States

## Limitation of copyright claim

Material excluded from this claim: musical recording

New material included in claim: text and narration as contained in the video soundtrack.

## Certification

Name: Rory J. Radding

Date: June 15, 2011

Applicant's Tracking Number: 67655-5000.800

Correspondence: Yes

**EXHIBIT A**

Case 2:14-cv-05990 Document 1 Filed 07/30/14 Page 23 of 27 Page ID #:23

# United States of America
## United States Patent and Trademark Office

# HONEY BADGER DON'T CARE

**Reg. No. 4,505,781**
**Registered Apr. 1, 2014**
**Int. Cl.: 25**

**TRADEMARK**
**PRINCIPAL REGISTER**

CHRISTOPHER Z. GORDON (UNITED STATES INDIVIDUAL)
C/O SANA HAKIM OF K&L GATES
P.O. BOX 1135
CHICAGO, IL 606901135

FOR: CLOTHING, NAMELY, T-SHIRTS, TANK TOPS, ONE PIECE GARMENT FOR INFANTS AND TODDLERS, LONG-SLEEVE SHIRTS, CAPS, IN CLASS 25 (U.S. CLS. 22 AND 39)

FIRST USE 2-24-2011; IN COMMERCE 2-24-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-447,667, FILED 10-14-2011.

SCOTT BIBB, EXAMINING ATTORNEY



*Michelle K. Lee*
Deputy Director of the United States
Patent and Trademark Office

**EXHIBIT B**

# United States of America
## United States Patent and Trademark Office

# HONEY BADGER DON'T CARE

**Reg. No. 4,419,079**

**Registered Oct. 15, 2013**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

CHRISTOPHER Z. GORDON (UNITED STATES INDIVIDUAL)
C/O SANA HAKIM OF K&L GATES
P.O. BOX 1135
CHICAGO, IL 606901135

FOR: AUDIO BOOKS IN THE FIELD OF COMEDY, PARODY AND SATIRE; COMPUTER APPLICATION SOFTWARE FOR MOBILE PHONES, PORTABLE MEDIA PLAYERS, HANDHELD COMPUTERS, NAMELY, SOFTWARE FOR PLAYING GAMES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-0-2011; IN COMMERCE 12-0-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-447,668, FILED 10-14-2011.

SCOTT BIBB, EXAMINING ATTORNEY



Deputy Director of the United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office

# HONEY BADGER DON'T CARE

**Reg. No. 4,419,081**

**Registered Oct. 15, 2013**

**Int. Cl.: 28**

**TRADEMARK**

**PRINCIPAL REGISTER**

CHRISTOPHER Z. GORDON (UNITED STATES INDIVIDUAL)
C/O SANA HAKIM OF K&L GATES
P.O. BOX 1135
CHICAGO, IL 606901135

FOR: (BASED ON USE) CHRISTMAS TREE ORNAMENTS AND DECORATIONS; TALKING DOLLS AND PLUSH TOYS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 10-8-2011; IN COMMERCE 10-8-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-449,924, FILED 10-18-2011.

SCOTT BIBB, EXAMINING ATTORNEY



Deputy Director of the United States Patent and Trademark Office

# United States of America

### United States Patent and Trademark Office

# HONEY BADGER DON'T CARE

Reg. No. 4,281,472
Registered Jan. 29, 2013
Int. Cl.: 21

**TRADEMARK**

**PRINCIPAL REGISTER**

CHRISTOPHER Z. GORDON (UNITED STATES INDIVIDUAL)
C/O SANA HAKIM OF K&L GATES
P.O. BOX 1135
CHICAGO, IL 606901135

FOR: MUGS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 10-7-2011; IN COMMERCE 10-7-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-449,921, FILED 10-18-2011.

SCOTT BIBB, EXAMINING ATTORNEY



_David J. Kappos_

Director of the United States Patent and Trademark Office

1

<u>**DEMAND FOR JURY TRIAL**</u>

2

     Plaintiff CHRISTOPHER GORDON hereby demands a jury trial in this

3

action.

4

5

DATED: March 2, 2015             KRANE & SMITH, APC

6

7

By:_____

8

        DANIEL L. REBACK
        JEREMY SMITH
        Attorneys for Plaintiff,

9

        CHRISTOPHER GORDON

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL